Rico DIAMOND, Plaintiff–Appellee–Cross–Appellant,

v.

Jack O'CONNOR, Defendant–Appellant,

City of South Burlington, Vermont, Defendant–Cross–Appellee,

Unnamed Officers of the South Burlington Police Department and South Burlington Police Department, Defendants.

Nos. 08–5082–cv(L), 08–5363–cv(xap).

United States Court of Appeals, Second Circuit.

Sept. 30, 2009.

———

Kaveh S. Shahi, Cleary Shahi & Aicher, P.C., Rutland, VT, for Defendant–Appellant.

Joseph A. Farnham (Nancy G. Sheahan, on the brief), McNeil Leddy & Sheahan, P.C., Burlington, VT, for Defendant–Cross–Appellee.

Lisa B. Shelkrot, Langrock Sperry & Wool, LLP, Burlington, VT, for Plaintiff–Appellee–Cross–Appellant.

Present: WALKER, ROBERT A. KATZMANN, Circuit Judges, DENISE COTE, District Judge.*

* The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

Defendant-appellant Jack O'Connor appeals from an opinion and order of the United States District Court for the District of Vermont (Sessions, *J.*) dated August 7, 2008, granting plaintiff-appellee Rico Diamond's motion for judgment as a matter of law regarding his Fourth Amendment claim and awarding him nominal damages of $1 and reasonable attorneys' fees. Diamond cross-appeals an order of the district court denying his motion for judgment as a matter of law and motion for a new trial as against defendant-cross-appellee the City of South Burlington ("South Burlington"), dated September 24, 2008. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review *de novo* a district court's decision to grant or deny a motion for judgment as a matter of law. *See Brady v. Wal–Mart Stores, Inc.*, 531 F.3d 127, 133 (2d Cir.2008). We "review all of the evidence in the record" and "must draw all reasonable inferences in favor of the non-moving party." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). A court "may grant a motion for judgment as a matter of law 'only if it can conclude that, with credibility assessments made against the moving party and all inferences drawn against the moving party, a reasonable juror would have been *compelled* to accept the view of the moving party.'" *Zellner v. Summerlin*, 494 F.3d 344, 370–71 (2d Cir.2007) (quoting *Piesco v. Koch*, 12 F.3d 332, 343 (2d Cir.1993) (emphasis added)).

We review a district court's decision on a motion for a new trial for abuse of

discretion. *India.com, Inc. v. Dalal,* 412 F.3d 315, 320 (2d Cir.2005). "A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *DeFalco v. Bernas,* 244 F.3d 286, 305 (2d Cir.2001) (internal quotation marks omitted).

### A. O'Connor's Appeal

■ O'Connor contends that the district court erred when it granted Diamond's motion for judgment as a matter of law because the evidence demonstrated that O'Connor had probable cause to seize Diamond's money.

As a general matter, probable cause exists when "officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." *Zellner,* 494 F.3d at 368. In the context of this case, O'Connor had to demonstrate probable cause that there was "a 'nexus' between the seized property [i.e., Diamond's money] and illegal drug activity." *United States v. Daccarett,* 6 F.3d 37, 56 (2d Cir.1993). O'Connor identifies several facts and circumstances that he believes established probable cause of such a nexus. We agree with the district court, however, that the facts and circumstances of which O'Connor was aware at the time he seized Diamond's money were insufficient to establish probable cause.

Although a large amount of money might be one factor to be included in the overall totality of the circumstances surrounding a probable cause determination, *see Maryland v. Pringle,* 540 U.S. 366, 372 n. 2, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003); *United States v. $2,500 in U.S. Currency,* 689 F.2d 10, 16 (2d Cir.1982), this Court has never held that a large amount of cash is *per se* evidence of drug-related illegal activity. Furthermore, although Diamond had ties to New York City, used two different names when he checked into the hotel, and had a criminal record for third-degree robbery, those facts are insufficient to establish probable cause of drug-related activity, particularly where the evidence at the scene indicated that (1) Diamond resided in Vermont, (2) he did not try to conceal the fact that he went by two names, and he explained to the police why this was so, and (3) his most recent conviction for robbery was in 1973.

We agree with the district court that the facts available to O'Connor were sufficient to create a reasonable suspicion of drug-related conduct, but those facts supported only a brief detention of Diamond's money to enable O'Connor to conduct a further investigation. *See, e.g., United States v. $557,933.89, More or Less, in U.S. Funds,* 287 F.3d 66, 86 (2d Cir.2002). They certainly did not support the lengthy detention that occurred in this case. *See id.* at 88 (noting that an overnight detention "could not possibly be justified" based on reasonable suspicion); *see also United States v. Place,* 462 U.S. 696, 709–10, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983) (noting that the Court has "never approved a seizure of [a] person for the prolonged 90–minute period involved" in that case).

■ O'Connor argues that he is entitled to qualified immunity, even if he lacked probable cause to seize Diamond's money. An officer who lacks probable cause is entitled to qualified immunity if he or she can establish "arguable probable cause," which exists " 'if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.' " *Escalera v. Lunn,* 361 F.3d 737,

743 (2d Cir.2004) (quoting *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991)). Given the facts and circumstances available to O'Connor, we do not believe that arguable probable cause existed to support the seizure of Diamond's money. Consequently, O'Connor was not entitled to qualified immunity.

### B. Diamond's Cross–Appeal

After the jury returned its verdict, Diamond moved for judgment as a matter of law or, in the alternative, a new trial with respect to the portion of the verdict that was in favor of South Burlington. A district court may grant a motion for judgment as a matter of law after a jury has returned its verdict "only where there is 'such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or ... such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [people] could not arrive at a verdict against him.'" *Harris v. Niagara Mohawk Power Corp.*, 252 F.3d 592, 597 (2d Cir.2001) (quoting *Song v. Ives Labs., Inc.*, 957 F.2d 1041, 1046 (2d Cir.1992)). Given this standard and the evidence presented at trial, the district court did not err when it denied Diamond's Rule 50 motion. Nor did it abuse its discretion when it denied Diamond's motion for a new trial.

We have considered all of parties' remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**